[No. B159257. Second Dist., Div. Eight. Oct. 24, 2002.]

DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Petitioner, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Respondent; THE SOUTHLAND CORPORATION et al., Real Parties in Interest.

COUNSEL

Bill Lockyer, Attorney General, Dennis W. Dawson, Chris A. Knudsen and David M. Tiede, Deputy Attorneys General, for Petitioner.

Martha V. Wilson and Allan J. Reniche for Respondent.

Haight, Brown & Bonesteel and Jeffrey A. Vinnick for Real Party in Interest The Southland Corporation doing business as 7-Eleven, Inc.

Rick Blake & Associates and Rick A. Blake for Real Parties in Interest Pardeep K. and Sukhsagar Pannu.

**OPINION**

**RUBIN, J.—**

INTRODUCTION

This writ proceeding arises out of a decision of the Department of Alcoholic Beverage Control (Department) suspending for 25 days the off-sale beer and wine license of a convenience store that sold beer to an underage decoy working with the police department.

When this matter was first heard by an administrative law judge (ALJ), the Department presented evidence relevant to the question whether the decoy displayed the appearance of a person under 21 years of age, as

required by a Department rule. Although the parties disputed whether the evidence was sufficient to establish that the requirement had been met, it was uncontroverted that the ALJ failed to address the issue in his decision, which the Department adopted. On the licensees' appeal to the Alcoholic Beverage Control Appeals Board (Board), the Board held the ALJ's failure to address the appearance requirement mandated reversal, and it remanded so the Department (i.e., the ALJ) could make a finding on the issue.

Following the remand, the ALJ, relying on the evidence presented at the original hearing before him, issued a new decision which contained a finding that the appearance requirement had been met. After the Department adopted the ALJ's new decision, the licensees again appealed to the Board. The Board held that it had envisioned "something more"—such as an additional hearing before the ALJ—when it had earlier remanded the matter to the Department for the requisite finding to be made, and again it reversed the Department's decision.

We conclude the Board erred when it held the ALJ was required to do more than rely on the existing record. We also hold substantial evidence supports the ALJ's finding that the appearance requirement was met. We therefore reverse the decision of the Board and affirm the decision of the Department.

FACTUAL AND PROCEDURAL HISTORY

In March 1998, an 18-year-old decoy working with the Los Angeles Police Department entered a 7-Eleven convenience store in Woodland Hills, retrieved a six-pack of beer from the cooler, and proceeded to the counter. The decoy was 5 feet 11 inches tall, weighed approximately 145 pounds, and wore a baseball cap. According to both the decoy and the police officer with whom he was working, the store clerk at the counter requested, and the decoy provided a California identification card, which stated that the decoy's date of birth was July 14, 1979, and contained the words "AGE 21 IN 2000" in large, italicized letters. Although the identification card revealed the decoy was underage, the clerk proceeded to sell him the beer. After exiting the store with the beer, the decoy returned and, in the presence of the police officer with whom he was working, identified the clerk who had sold him the beer. The decoy was then photographed with the clerk.[1]

---

[1]We realize that one witness testified the clerk did not ask the decoy for identification before the sale and that the same witness seemed to say the decoy did not identify the clerk

The Department filed an accusation against the holders of the off-sale beer and wine license for the convenience store—the Southland Corporation (the franchisor), and Pardeep K. and Sukhsagar Pannu (the franchisees).[2]

In November 1998, a hearing was held before ALJ Sonny Lo, during which the Department presented evidence relevant to the determination whether the requirements of rule 141(b)(2) (Cal. Code Regs., tit. 4, § 141, subd. (b)(2); hereafter rule 141(b)(2)) had been met. That rule provides in pertinent part that a decoy "shall display the appearance which could generally be expected of a person under 21 years of age, under the actual circumstances presented to the seller of alcoholic beverages at the time of the alleged offense." Among other things, the Department presented the photograph of the decoy with the store clerk taken immediately after the sale, as well as the testimony of the decoy, who stated that his manner of speaking was the same on the stand as it was when he purchased the beer.

ALJ Lo submitted a proposed decision, calling for a 25-day suspension of the license. The decision contained no specific finding on rule 141(b)(2)'s appearance requirement.

The Department adopted the ALJ's proposed decision and the licensees appealed to the Board.

In January 2000, the Board issued a decision. As to the appearance requirement, the Board concluded "[t]he [ALJ's] decision is flawed, in that it makes no finding one way or another as to whether the decoy presented the appearance required by Rule 141(b)(2)." The Board went on to say: "The Board is not the finder of fact, and it is not the Board's prerogative to make its own findings when those of the Department are deficient. While we have viewed the photograph of the minor, and have our own views as to what it tells us, our views are irrelevant. That is why we believe the case must be

---

after the sale. The ALJ, however, accepted the testimony of other witnesses and found to the contrary.

We are bound to construe the evidence in the light most favorable to the ALJ's decision. (*Kirby v. Alcoholic Bev. etc. App. Bd.* (1968) 261 Cal.App.2d 119, 122 [67 Cal.Rptr. 628] [" 'In considering the sufficiency of the evidence issue the court is governed by the substantial evidence rule[;] any conflict in the evidence is resolved in favor of the decision; and every reasonably deducible inference in support thereof will be indulged' "]; Bus. & Prof. Code, § 23090.2; see also *Topanga Assn. for a Scenic Community v. County of Los Angeles* (1974) 11 Cal.3d 506, 514 [113 Cal.Rptr. 836, 522 P.2d 12] ["the reviewing court must resolve reasonable doubts in favor of the administrative findings and decision"].)

[2]Southland Corporation is now known as 7-Eleven, Inc. Because it was known as the Southland Corporation at the time of the incident at issue in this proceeding, we will refer to the franchisor by that name.

returned to the Department so that the critical 141(b)(2) findings can be made." After rejecting the licensees' other contentions, the Board issued the following order: "The decision of the Department is reversed and the case is remanded to the Department for reconsideration of the issue whether the decoy presented the appearance which could be generally expected of a person under 21 years of age, and for such other proceedings as may be appropriate or necessary in light of the comments herein." Nowhere in its opinion did the Board direct the ALJ to receive additional evidence or conduct an additional hearing before making the requisite finding.

In June 2000, the Department issued a "Decision Following Appeals Board Decision," remanding the matter to ALJ Lo "for decision and clarification as he deems appropriate including the submission of any further evidence he may require in his exclusive discretion."

In August 2000, ALJ Lo issued a proposed decision after remand. (ALJ Lo did not conduct an additional hearing or receive additional evidence before issuing the new decision. Rather, he relied on the evidence presented at the hearing that took place before he issued his original decision.) This time, the decision addressed the appearance requirement. Among other things, the decision stated that "[a] photograph of the decoy taken th[e] day [of the sale] shows he did display the physical appearance which could generally be expected of a person under twenty-one years old." The decision also stated:

"At the hearing, the decoy did not display the mannerism or demeanor which one would normally expect from a person who has such experience and responsibility [referring to the decoy's prior experience as an explorer with the Los Angeles Police Department]. His voice was soft, not assertive. He sat slouched on the witness chair (perhaps due in part to his lankiness). And, he seldom looked his questioners in the eye. In other words, without the decoy's testimony regarding his rank and duties as an explorer, one would not know from the decoy's nonphysical appearance that he held a position which required a substantial amount of maturity and leadership.

"The decoy's voice and manner of speaking at the hearing were the same as they were at Respondents' store. The decoy was not nervous at Respondents' store, and he did not appear nervous when testifying.

"The Administrative Law Judge observed the decoy's maturity, mannerism, poise and demeanor while he testified, and finds that the decoy had the nonphysical appearance which could generally be expected of a person under twenty-one years old."

The decision again provided for a 25-day suspension of the license.

The Department adopted the ALJ's decision and the licensees again appealed, arguing there was no substantial evidence to support the ALJ's finding that the appearance requirement had been met.

In May 2002, almost a year and a half after the completion of briefing, the Board reversed. It stated in pertinent part:

"With the benefit of hindsight, it is apparent to this Board that the manner in which this case was resolved offends our sense of fairness.

"We did not expect the Department, and more particularly the ALJ, to simply declare, without further hearing and input from the parties, that he had in fact done exactly what the Board had said should have been done, even though there is no hint in his original decision that he had done so.

"The Board, it can be said, envisioned something more, where the parties could have addressed the various indicia of age displayed by the decoy, and the weight to be accorded them. This did not happen.

"While we do not question the ALJ's good faith, we do feel that there are enough questions about his ability to isolate, from memory, from all the decoys he has seen before and since these cases were heard, this particular decoy, that the procedure which was utilized was flawed and inherently unfair.

"Now even more time has elapsed. We think it is time for the Department to recognize that this has become a case in which, as a result of a procedural error early on, no fair result is ever likely to be attained. While we may lack the ability to compel a dismissal, we do believe the Department, in an appropriate exercise of its discretion, should dismiss the accusation in this matter."

The Board reversed and remanded to the Department "for such further proceedings as may be appropriate in light of the Board's comments."

After the Department filed a timely writ petition, we issued a writ of review. (Bus. & Prof. Code, §§ 23090, 23090.1.)[3] Pursuant to the writ, the Board provided us with a certified record, the parties provided additional briefing, and we heard oral argument.

---

[3] All subsequent statutory references are to the Business and Professions Code.

DISCUSSION

1. *The ALJ Was Entitled to Rely on the Existing Record When Finding That the Decoy Displayed the Appearance Required by Rule 141(b)(2).*

█ The Department contends the Board erred in reversing the Department's decision based on the ALJ's decision to rely solely on the existing record in making the finding that the decoy displayed the appearance required by rule 141(b)(2). We agree.

Nothing in the Board's January 2000 decision remanding the matter to the Department even suggested the ALJ was required to conduct an additional hearing or receive additional evidence before making the requisite finding. The decision stated only that the Board was remanding "so that the critical 141(b)(2) findings can be made." While the decision contained a statement suggesting the ALJ *could* to do more than rely on the existing record, nothing in the decision *required* him to do so.[4]

If the Board believed "something more" was required of the ALJ (besides making a finding on the appearance requirement based on the existing record), it could have said so. It did not. And because it did not, ALJ Lo was justified in assuming he could rely on the existing record. "If the court determines that adequate findings have not been made, the court will not supply findings but, rather, remand the matter to the agency for corrective action. [Citation.] Assuming that the court finds no other error in the administrative proceedings, it appears that the agency need only familiarize itself with the earlier administrative record and draft new findings in accordance with the court's mandate. Occasionally, however, the court orders that the agency hold another hearing and make appropriate findings." (Cal. Admin. Hearing Practice (Cont.Ed.Bar 2d ed. 2002) § 8.58, p. 434; see also *Colorado v. New Mexico* (1982) 459 U.S. 176, 190, fn. 14 [103 S.Ct. 539, 549, 74 L.Ed.2d 348]; *Eureka Teachers Assn. v. Board of Education* (1988) 199 Cal.App.3d 353, 369 [244 Cal.Rptr. 240] ["The trial court shall enter an order remanding the case back to the Board [of Education] for the making of specific findings of fact in support of its decision, *based upon the evidence presented at the administrative hearings.* Should either party again seek court review, the trial court shall then review the administrative record and, based upon the substantial evidence standard of review, determine whether there is

---

[4]As noted above, the decision concluded with the following statement: "The decision of the Department is reversed and the case is remanded to the Department for reconsideration of the issue whether the decoy presented the appearance which could be generally expected of a person under 21 years of age, and for such other proceedings *as may be appropriate or necessary* in light of the comments herein." (Italics added.)

substantial evidence to support the Board's findings and whether the findings support the Board's decision" (italics added)].)

Presumably, if ALJ Lo believed he needed additional evidence or argument, he would have requested either or both. However, he had already received evidence and heard argument on the issue. Among other things, ALJ Lo had the photograph of the decoy that was taken immediately after the sale, as well as a transcript of the original hearing where he heard testimony and argument concerning the appearance requirement. In addition, as reflected in various statements by ALJ Lo in his decision, ALJ Lo was able to recall the voice, mannerism and demeanor displayed by the decoy at the hearing. Absent any evidence to the contrary, we must accept ALJ Lo's statements at face value.

Finally, it is difficult to imagine what additional evidence or argument would have added to the existing record.

In short, there is no reason why the ALJ was not entitled to rely on the record available to him.

2. *It Is Appropriate for This Court to Determine Whether Substantial Evidence Supports the ALJ's Finding That the Decoy Displayed the Appearance Required by Rule 141(b)(2).*

As noted above, the licensees argued in their second appeal to the Board that there was no substantial evidence to support ALJ Lo's finding that the decoy displayed the appearance required by rule 141(b)(2). The Board did not address this substantial evidence argument because it concluded ALJ Lo was not entitled to rely on the existing record to make his finding.[5]

In light of our conclusion that the Board erred in concluding the ALJ was not entitled to rely on the existing record to make his finding concerning rule 141(b)(2)'s appearance requirement, it is necessary to address the licensees' substantial evidence challenge to that finding. When we issued our writ of review, we asked the parties to discuss (among other things) whether there

[5]In a letter brief it filed in this court, the Board characterizes its decision as essentially holding that there is no substantial evidence to support the ALJ's finding on the appearance requirement. We respectfully disagree. While the opinion contains statements suggesting the Board may have had opinions about the sufficiency of the evidence, it contains no holding on the issue.

Moreover, even assuming the Board had squarely addressed and decided the issue, its holding would be of no weight in this court. Once we decide to address the issue, we consider only the ALJ's decision and the evidence that was before him. (See §§ 23090.1-23090.5.)

was anything to preclude us from remanding to the Board to consider the substantial evidence challenge if we concluded the Board erred in reversing based on the ALJ's reliance on the existing record to make his finding on the appearance requirement. We also invited the Board to offer its views on the subject. We did so because there is some question whether such a remand is possible under section 23090.3. That statute provides in pertinent part: "The board, the department, and each party to the action or proceeding before the board shall have the right to appear in the review proceeding [before the Court of Appeal or Supreme Court]. Following the hearing, the court shall enter judgment either affirming or reversing the decision of the *department*, or the court may remand the case for further proceedings before or reconsideration *by the department*." (Italics added.)

In response to our request, the Board claimed in a letter brief that the statutory language quoted above precludes remand to the Board.

In contrast, the Department and the licensees maintained there is nothing to preclude remand to the Board. However, the Department and the franchisees urged us not to do so, but to instead address the substantial evidence issue ourselves.[6]

Because the parties have fully briefed the issue, we consider the licensees' substantial evidence challenge to the ALJ's finding that the decoy displayed the appearance required under rule 141(b)(2).

3. *Substantial Evidence Supports the ALJ's Finding That the Decoy Displayed the Appearance Required by Rule 141(b)(2).*

In challenging ALJ's Lo finding that the decoy displayed both the physical and nonphysical appearance which could generally be expected of a person under 21 years of age, the licensees rely on isolated items of evidence, many of which we acknowledge could have supported a contrary finding. For example, the Southland Corporation emphasizes that the decoy

---

[6]The Southland Corporation, however, maintained that remand to the Board "is the appropriate remedy" because, otherwise, the Southland Corporation "would [be] den[ied] its appellate rights to the Board and also hoodwink[ed] . . . into waiving its right to seek judicial review" of the substantial evidence issue.

It appears the Southland Corporation may have assumed there would be no review of the ALJ's finding on the appearance requirement if we did not remand to the Board. However, as discussed below, we will address the merits of the licensees' substantial evidence challenge to the ALJ's finding. Because the standard governing our review of that finding is the same as that which would govern the Board's review, the licensees' right to review of the finding will not be prejudiced by our decision to conduct the review rather than remanding to the Board for that purpose.

testified he was not nervous on the night in question and that he had considerable experience as an explorer with the Los Angeles Police Department, rising to the level of captain and working in other decoy operations.

However, as noted above (see fn. 1, *ante*), " '[i]n considering the sufficiency of the evidence issue the court is governed by the substantial evidence rule[;] any conflict in the evidence is resolved in favor of the decision; and every reasonably deducible inference in support thereof will be indulged. [Citations.]' " (*Kirby v. Alcoholic Bev. etc. App. Bd., supra,* 261 Cal.App.2d at p. 122.)

We have reviewed the evidence and have concluded that ALJ Lo's finding is supported by substantial evidence. Among other things, we have reviewed the photograph of the decoy taken immediately after the sale, which is arguably the most important piece of evidence in considering whether the decoy displayed the physical appearance of someone under 21 years of age. While one could look at the photograph and reasonably conclude that the decoy appeared to be older than 21 years of age, we cannot say that, as a matter of law, a trier of fact could not reasonably have concluded otherwise.

ALJ Lo also cited numerous facts which led him to conclude the decoy "had the nonphysical appearance which could generally be expected of a person under twenty-one years old." Those facts were based on ALJ Lo's observations of the decoy during his testimony. As the Supreme Court explained in a different context, "[d]eference to the [judicial officer] is particularly appropriate on issues requiring resolution of testimonial conflicts and assessment of witnesses' credibility, because the [judicial officer] has the opportunity to observe the witnesses' demeanor and manner of testifying."[7] (*In re Hamilton* (1999) 20 Cal.4th 273, 296 [84 Cal.Rptr.2d 403, 975 P.2d 600].)

We conclude that substantial evidence supports ALJ Lo's finding that the decoy displayed the appearance required under rule 141(b)(2).[8]

---

[7]We recognize that rule 141(b)(2) is concerned with the decoy's appearance at the time of the sale, not at the time of administrative hearing. However, as noted above, the decoy testified that his manner of speaking was the same on the stand as it was when he purchased the beer.

[8]None of the parties addressed in their briefs the significance of the decoy having furnished his underage I.D. to the licensee's appearance-of-decoy argument. Although the licensee asserted at oral argument that rule 141(b)(2)'s defense applies even when the decoy presents underage I.D., no authority was cited for the proposition. We do not decide this issue.

## DISPOSITION

Judgment is hereby entered reversing the decision of the Board and affirming the decision of the Department. The matter is remanded to Department for further proceedings consistent with this opinion. The parties are to bear their own costs in this writ proceeding.

Cooper, P. J., and Boland, J., concurred.